UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-20827-CR-MARTINEZ/GOODMAN

UNITED STATES OF AMERICA,

vs.

LAQUISHA Q. JOHNSON,

    **Defendant.**

_____/

REPORT AND RECOMMENDATIONS ON

COUNSEL'S CJA VOUCHER REQUEST FOR ATTORNEY'S FEES

On May 30, 2015, court-appointed defense counsel Philip R. Horowitz ("Counsel") submitted voucher application FLS 14 1720 with appended time sheets requesting $14,673.50 as final payment for attorney's fees pursuant to the Criminal Justice Act (the "CJA"). Counsel supplied detailed time entries and a spreadsheet listing expenses in support of the application.

On November 18, 2014, Counsel was appointed to represent Defendant Laquisha Q. Johnson ("Johnson") pursuant to the CJA, 18 U.S.C. § 3006A. [ECF No. 12].

Counsel now seeks $14,673.50 in compensation for representation of Johnson. The total requested amount in this case exceeds the $9,900.00 statutory maximum for attorney's fees in non-capital felony cases at the trial level under the CJA. Guidelines, Vol. 7A, Chapter 2, § 230.23.20. United States District Judge Jose E. Martinez referred

the voucher application to the Undersigned for a Report and Recommendations as to whether the requested fees are appropriate. [ECF No. 61].

Having reviewed the voucher and the pertinent portions of the record, the Undersigned **respectfully recommends** that the District Court **approve** the voucher request in accordance with the opinion below.

I.      CRIMINAL JUSTICE ACT GUIDELINES

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in applying the provisions of the CJA. *See In re Burger*, 498 U.S. 233, 234 (1991). The CJA plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the United States Judicial Conferences guidelines for the administration of the Criminal Justice Act." *See* CJA Plan, Southern District of Florida.

The CJA provides that an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" at the conclusion of CJA representation. 18 U.S.C. § 3006A(d)(1). The CJA also provides for payment of "expenses reasonably incurred." *Id.* The district court, as the body empowered to "fix" compensation of CJA-appointed Counsel, has the statutory authority and discretion to determine what is a reasonable expense or use of billable time. 18 U.S.C. § 3006A(d)(5); *U.S. v. Griggs*, 240 F.3d 974 (11th Cir. 2001).

To recommend a fee exceeding the statutory maximum, the district court must first certify that the case involves "complex" or "extended" representation. 18 U.S.C. § 3006A(d)(3). The court may find a case "complex" if the "legal or factual issues . . . are unusual, thus requiring more time, skill and effort by the lawyer than would normally be required in an average case." Guidelines, Vol. 7A, Chapter 2, § 230.23.40(b).  A case is "extended" if "more time is reasonably required for total processing than the average case." Guidelines, Vol. 7A, Chapter 2, § 230.23.40(c). After certifying that the case is either "complex" or "extended," the district court must determine whether the amount sought is necessary to provide Counsel with fair compensation.

Additionally, the Guidelines recommend case budgeting for cases that require more than 300 attorney hours or $30,000 in attorney's fees. Guidelines, Vol. 7A, Chapter 2, § 230.26.10. In such instances, "counsel should submit a proposed initial litigation budget for court approval, **subject to modification** in light of facts and developments that emerge as the case proceeds." Guidelines, Vol. 7A, Chapter 2, § 230.26.20 (emphasis added). The case budgeting provision for capital cases also states that "[c]ase budgets should be re-evaluated when justified by changed or unexpected circumstances, and should be modified by the court where good cause is shown." Guidelines, Vol. 7A, Chapter 6, § 640.20(f). While the Guidelines *implicitly* endorse the wisdom of modifying the budget due to changed circumstances, there is no **explicit** requirement for submitting modified case budgets.

3

## II. BACKGROUND

### A. Facts of the Case

Johnson was charged by Indictment with three counts of Theft of Government Property. [ECF No. 3]. Johnson was a student at Miami Dade College who opened a Higher One, Inc. bank account. [*Id.* at 2]. She is accused of knowingly receiving, concealing, and retaining, with the intent to convert to her own use and gain the United States Department of Treasury tax refunds that were stolen, purloined, and converted. [*Id.*]. At trial, the jury found Johnson guilty on all three counts. The Court sentenced her to prison for a term of twenty-one months for each count, to run concurrently.

### B. Initial Budget Proposal

There was no initial budget proposal in this matter. Counsel was appointed for the purpose of representing Johnson in a non-capital felony matter at the trial court level, which, pursuant to the CJA Guidelines, would normally be subject to a $9,900.00 statutory maximum for attorney's fees. Guidelines, Vol. 7A, Chapter 2, § 230.23.20. This amount is below the amount that would warrant an initial budget proposal under the Guidelines. *See* Guidelines, Vol. 7A, Chapter 2, § 230.26.10.

### C. CJA Voucher Request

Counsel submitted the instant CJA voucher requested on May 30, 2015. Counsel sought $14,673.50. This includes 14.3 hours for time spent in court and 100 hours for

time spent out of court, for a total of 114.3 hours. In addition, the request includes $177.64 in travel expenses.

### D. Voucher Amount – Administrator's Review

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy. The administrator did make some changes to Counsel's CJA voucher request, actually *increasing* the number of hours spent out-of-court by .2 hours, based on the time sheets Counsel included with the voucher. In total, after the CJA administrator's correction, the total amount was $14,698.90 for 114.5 hours of work and travel expenses.

## III. ANALYSIS

### A. This Case Was Complex

In order to recommend that the District Court compensate Counsel in an amount that exceeds the statutory maximum, the Undersigned must first find that this case was either complex or extended.

After reviewing the record and defense counsel's application, there is no doubt that the case was complex. The case involved three counts of theft of government property related to Johnson's receipt of fraudulent tax returns. Counsel had to review a significant amount of documents and numerous audio recordings. Further, after Johnson was convicted, counsel filed post-trial motions, and he states in his application

5

that "sentencing was hotly contested with both sides filing objections and responses to objections due to unique sentencing issues."

      **B.**     **In-Court Hours**

Counsel sought compensation for 14.3 in-court hours. The CJA administrator reviewed the request without making changes. I find this amount to be reasonable. I recommend Counsel be paid the full $1,815.60 for his in-court hours.

      **C.**     **Out-of-Court Hours and Expenses**

Counsel seeks 100 hours for time spent out of court. The CJA administrator reviewed this amount and increased it to 100.2 out-of-court hours. Given the complex nature of this case, I have no doubt that Counsel spent the amount of time he requests working on the case. Accordingly, I find that all of Counsel's time entries are appropriate. Thus, in the absence of other factors, Counsel should receive $12,705.70 for 100.2 out-of-court hours.

      **D.**     **Travel Expenses**

Counsel requests $177.60 in travel expenses. The CJA administrator reviewed this amount without making changes. Having reviewed Counsel's request for travel expenses, the Undersigned finds that the request is reasonable. Thus, Counsel should be compensated for $177.60 for travel expenses.

IV. **CONCLUSION**

For the reasons stated above, the Undersigned **respectfully recommends** that counsel be paid $14,698.90 as fair and final compensation for his work on this case during the period covered by this voucher request.

V. **OBJECTIONS**

In accordance with 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties shall have fourteen days from receipt of this Report and Recommendations to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge. Any party may respond to another party's objections within fourteen days after being served with the objection. Failure to file timely objections waives a party's right to review issues related to the defendant's plea under Federal Rule of Criminal Procedure 11 before the District Judge or the Court of Appeals (even under a plain error standard). See Fed. R. Crim. P. 59(b)(1), (2), *cited in United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, July 29, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
Honorable Jose E. Martinez
All Counsel of Record